## Vaughan, et al. v. Heistand, et al.

(Decided February 1, 1921.)

## Appeal from Taylor Circuit Court.

1. Appeal and Error—Matters Appearing of Record—Regularity of Proceedings—Presumption.—Where there is nothing in the record of a road proceeding to show that the order of the county court selecting the route recommended by the viewers was entered in vacation, it will be presumed that the order was entered at the proper time.

2. Highways—Proceedings for Alteration—Notice to Landowners Before Order is Entered Selecting Proposed Route.—Under Kentucky Statutes, section 4301, providing that 'if the court decides to undertake the proposed work, the county judge shall appoint a day for hearing the parties interested and cause notice thereof to be given to the proprietors and tenants of the property which would have to be taken or injured to show cause against the same," it is not necessary that the court should give such notice before selecting the proposed route. The order is merely interlocutory and subject to change after the hearing, and all that is necessary is, that those affected be given an opportunity to be heard.

3. Highways—Proceedings for Alteration—Sufficiency of Report of Viewers on Disadvantages to Landowners.—Under Kentucky Statutes, section 4301, providing that the viewers shall report in writing the advantages and disadvantages, which, in their opinion, will result as well to individuals as to the public from the proposed work, etc., a report by the viewers fixing the amount of damages to be paid to the landowners was a substantial compliance with the statute on the question of disadvantages.

4. Appeal and Error—Highways—Proceeding for Alteration—When Point That Proposed Route Ran Through Orchard Cannot be Raised on Appeal.—Where, in a proceeding for the alteration of a road, the viewers reported that the proposed route would not take any orchard or part thereof, and this statement was not contradicted by answer or exceptions, it is too late to insist for the first time in the Court of Appeals that the proceeding should be dismissed, because the evidence on another issue tended vaguely to show that the proposed route did pass through the edge of an orchard.

5. Appeal and Error—Eminent Domain—Highways—Damages—Evidence.—Where in a proceeding for the alteration of a road, witnesses for the landowners stated that the opening of the road would injure the remainder of their lands, the petitioners were entitled to rebut this evidence by showing that no injury would result, and the general statements by the witnesses, that the improvement would benefit the remainder of the land, cannot be regarded as prejudicial in view of the fact that the jury were told

to exclude from consideration any enhancement or benefit to the land not taken by reason of the opening or use of the road.

6.    Appeal and Error—Highways—Eminent Domain—Damages— Question for Jury.—Where in a proceeding for the alteration of a road the evidence of the landowners showed that the damages were in excess of the amount fixed by the jury, while the evidence of the petitioners showed that the damages were even less than those allowed, the question was for the jury, and it cannot be said that its finding was flagrantly against the evidence.

7.    Appeal and Error—Errors Claimed By Appellee Not Reviewable. —That part of a judgment making the county liable for costs in a road proceeding cannot be reviewed on appeal, where the county is an appellee and does not prosecute a cross appeal.

H. S. ROBINSON and S. A. RUSSELL for appellants.

H. W. RIVES for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 3, 1916, C. V. Heistand and twenty-nine other landowners in the Merrimac precinct of Taylor county filed in the Taylor county court their petition for a change of the county road from Tallow creek to Merrimac. At the April term, viewers were appointed who filed their report at the subsequent May term. At the July term, Sarah M. Vaughan and E. N. Tucker filed a demurrer to the petition and a demurrer and exceptions to the viewers' report. At the same time they filed a petition signed by forty persons protesting against the establishment of the road. On July 17th the county judge entered the following order: "Upon examination of the different routes reported by the viewers herein, the court selected the route recommended by the viewers, and notice summons is ordered to issue against each of the parties over whose land the proposed change of the road is located." On August 7th, Mrs. Vaughan and Tucker moved the court to set aside the order of July 17th, and also filed additional exceptions to the report of the viewers. The court held that it would hear all the evidence in the case before passing upon the questions raised by the exceptions. The petitioners then introduced their evidence, but Mrs. Vaughan and Tucker declined to offer any evidence. Thereupon the court overruled the demurrer to the report of the viewers and all exceptions thereto, and decided that the proposed alteration should be undertaken on behalf of the county. Not

being able to reach an agreement with Mrs. Vaughan and Tucker as to the amount of compensation, he appointed three commissioners to assess the damages. During the same month the commissioners filed their report allowing Mrs. Vaughan $200.00 and fencing for both sides of the road over her land, and E. N. Tucker $50.00 and fencing for both sides of the road over his land. Mrs. Vaughan and Tucker then filed exceptions to the commissioners' report. Exceptions were overruled except as to the amount of damages. The trial before a jury on the question of damages resulted in a verdict for Mrs. Vaughan of $200.00 and no fencing, and E. N. Tucker $50.00 and no fencing. Judgment was entered accordingly and Mrs. Vaughan and Tucker prosecuted an appeal to the circuit court. Their motions to quash the report of the viewers and the report of the commissioners, as well as to set aside the order entered by the county judge on July 17th, were overruled. A trial before a jury resulted in a verdict of $160.00 for Tucker and $500.00 for Mrs. Vaughan. Mrs. Vaughan and Tucker appeal.

It is first insisted that the order of July 17th, 1916, reciting that the court had selected the route recommended by the viewers, and directing that process issue against the landowners, is void because made in vacation. In reply to this contention it is sufficient to say that there is nothing in the record before us to show that the order was entered in vacation, and it will be presumed, in the absence of such showing, that the order was entered at the proper time.

In the same connection it is argued that the order of July 17, 1916, should not have been entered at all until the appellants were given an opportunity to be heard. The statute does not so provide. On the contrary, it distinctly provides that "if the court decides to undertake the proposed work, the county judge shall appoint a day for hearing the parties interested, and cause notice thereof to be given to the proprietors and tenants of the property which would have to be taken or injured to show cause against the same, etc.," section 4301, Kentucky Statutes, thus clearly showing that the court should first select the proposed route and then notify the landowners affected to show cause against it. A contrary view of the statute would make it necessary for landowners to go to the expense and trouble of show-

ing cause against a proposed alteration, which the court might never intend to approve. Of course, the order making the selection was merely interlocutory and subject to change after the hearing. Not only were appellants served with process, but they appeared in court at the time fixed for the hearing and offered no evidence contradicting that introduced by the petitioners. Thereupon, all the exceptions filed by appellants were overruled, and the court then entered an order adjudging that the proposed alteration be undertaken on behalf of the county. Thus the order did not become final until appellants were afforded an opportunity to be heard.

Another contention is that the report of the viewers did not set forth the disadvantages which would result to appellants from the proposed alteration as required by section 4301, Kentucky Statutes. The report of the viewers does show that they surveyed the proposed route and another route, and rejected two other routes as impracticable. They reported in favor of the proposed route because it was nine hundred feet shorter than the other route surveyed, and was out of the way of high water. Their report further shows that a better road could be built along that route, that it would accommodate more of the traveling public, and that it was necessary for the alteration to be made because the old road lay in the bed of Robinson creek almost its entire distance, and in time of high water could not be traveled. It also gave the names of the landowners whose land would be taken, and stated that Mrs. Vaughan would require about $150.00 compensation and E. N. Tucker about $50.00 compensation. It is very evident that the viewers did not believe that Mrs. Vaughan and Tucker would suffer any disadvantages other than those resulting from the taking of the land itself, and having specified the amount of damage, we think there was a substantial compliance with the statute.

The point is also made that the proceeding should be dismissed because the evidence shows that the proposed road would pass through Tucker's orchard. The viewers reported under oath that it would not be necessary to take any burying ground, garden, yard, orchard or part thereof, or injure or destroy any building. This statement of fact was not contradicted by the answer, or by any of the numerous exceptions filed by appellants.

In testifying on the question of damages to the balance of his land, E. N. Tucker said: "It runs right through the edge of the orchard too." Not having raised the question below either by answer or exceptions, it is too late to insist for the first time in this court that the proceeding should be dismissed because the evidence heard on another issue tended vaguely to show that the proposed road did pass through the edge of an orchard.

Another ground urged for reversal is that the court erred in permitting witnesses for appellees to state that the construction of the road would benefit and not damage the residue of appellants' lands. In support of this position it is argued that the admission of the evidence complained of violated the rule laid down in Broadway Coal Mining Co. v. Smith, &c., 136 Ky. 725, 125 S. W. 157, that benefits to the land not taken cannot be set off against damages either for the land actually taken or for injury to the remainder of the land. Since the witnesses for appellants stated that the opening of the road would injure the remainder of the land, it is clear that appellees were entitled to rebut this evidence by showing that no injury would result, and the general statements by the witnesses that the improvement would benefit the remainder of the land cannot be regarded as prejudicial, in view of the fact that the jury were told to exclude from consideration any enhancement or benefit to the land not taken by reason of the opening or use of the road.

Lastly, it is contended that the verdict fixing the amount of damages is flagrantly against the evidence. The evidence for appellants tended to show that the damages were in excess of the amount fixed by the jury. On the other hand, there was evidence that the damages were even less than those allowed. Under these circumstances the question was for the jury, and we are unable to say that its finding was flagrantly against the evidence.

On the whole we find no error in the record prejudicial to the substantial rights of appellants.

In the absence of a cross appeal by appellee, Taylor county, we are not at liberty to review that part of the judgment making the county liable for the costs of the proceeding.

Judgment affirmed.